## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

SHAN D. PRATHER,                    )
                                    )
              Plaintiff,            )
                                    )
vs.                                 )        CASE NO. CIV-12-1005-R
                                    )
CORRECTIONAL OFFICERS, et al., )
                                    )
              Defendants.           )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, has brought this action purporting to seek relief pursuant to 42 U.S.C. §1983 for the alleged violation of his constitutional rights.[1] United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and (C).

**Plaintiff's Complaint**

Plaintiff names "Correctional officers Payne County Jail Courthouse" as a Defendant, explaining that such Defendant "acted under color of state law through its status as "Correctional officers." [2] [Doc. No. 1, p. 1]. The second named Defendant is Reese Lane who acted as "Jail Administrative." *Id.* at 2. When called on by the form complaint to briefly state the background of his case, Plaintiff defines "racial profiling" and states that

---

[1]Plaintiff has now been placed on notice in eight (8) newly filed cases in this court that he has accumulated three strikes pursuant to the provisions of 28 U.S.C. § 1915. *See, e.g, Prather v. Bureau of Alcohol Tobacco Firearms and Explosives,* CIV-12-1369-R [Doc. No. 5].

[2]Unless otherwise indicated, quotations in this report are reproduced verbatim.

"No Officer of any municipal, county or STATE law enforcement agency Shall engage in racial Profiling." *Id.*

In the first of three counts, Plaintiff alleges that an individual's race "Shall not be the sole factor in determining the existence of probable cause to take into custody or to arrest an individual[.]" *Id.* at 3. His supporting facts state that "Correctional officers Payne County Jail Racial Profiled me from 2009 - 2012." *Id.* Count II continues the previous count by asserting that race shall not constitute a reasonable suspicion to justify an individual's detention or an investigatory stop of a motor vehicle; by way of supporting facts, Plaintiff maintains that every agency must have a written policy with regard to racial profiling. *Id.* In Count III, Plaintiff continues with the theme of racial profiling and recites that a complaint may be filed against an officer who engages in racial profiling in connection with a stop or arrest. *Id.* at 4. By way of relief, Plaintiff seeks "seven hundred billion dollars." *Id.* at 5.

Upon initial review of Plaintiff's complaint and for the reasons which follow, the undersigned recommends that this complaint be dismissed upon filing pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## Standard for Initial Screening

The court must promptly review Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable legal basis or contains fanciful factual allegations. *Hall v. Bellmon*, 935 F.2d

2

1106, 1108 (10th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).   In reviewing the sufficiency of the complaint, the court considers whether Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).   All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to Plaintiff. *Sunrise Valley, LLC v. Kempthorne,* 528 F.3d 1251, 1254 (10th Cir. 2008), *cert. denied,* 129 S.Ct. 2377 (2009). A pro se plaintiff's complaint must be broadly construed under this standard. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).   However, the "broad reading" of pro se complaints dictated by *Haines* "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110.   The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

**Analysis**

The foregoing review of Plaintiff's complaint in light of the standards on initial screening plainly reveals that Plaintiff has failed to plead sufficient facts to state a plausible claim for relief.  *See Twombly,* 550 U.S. at 570.   He has wholly failed to plead *any* facts alleging a constitutional violation against him by any possible defendant and, thus, dismissal for failure to state a claim upon which relief can be granted is recommended.[3]   Dismissal is

---

[3]It is not plausible that correctional officers at the Payne County Jail were responsible for Plaintiff's arrest, and he fails to allege how his constitutional rights have were violated during his incarceration at the jail.

likewise warranted and recommended on the ground that Plaintiff's complaint is frivolous in that it lacks any arguable legal basis.  *See Hall,* 935 F.2d at 1108.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For these reasons, the undersigned Magistrate Judge recommends that this complaint be dismissed without prejudice for failure to comply with a court order and pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of the Court by January 17, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

DATED this 28th day of December, 2012.


BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE

4